HARTZ, Circuit Judge,
joined by O’BRIEN and HOLMES, Circuit Judges,
concurring:
I join fully in Judge O’Brien’s opinion. I write separately only to express my disagreement with this court’s recent jurisprudence regarding substantive reasonableness of sentences.
This court’s present approach appears to be that a sentence is substantively reasonable if the sentencing judge provides reasons for the length of the sentence. See United States v. Muñoz-Nava, 524 F.3d 1137, 1142-43 (10th Cir.2008). To be sure, some reasons would be out-of-bounds, such as the defendant’s race or name. But district judges are reasonable people, and I would be surprised if we ever see an irrational sentence. We will, however, see great inequality in sentencing. Reasonable people differ on how lenient or harsh sentences should be, both in general and for particular crimes and particular types of offenders. The resulting inequalities will have our imprimatur. Under this court’s present approach we may go through the motions of substantive-reasonableness review, but it will be an empty gesture.
I think that a different approach is appropriate. Sentencing judges are required to consider the factors set forth in 18 U.S.C. § 3553(a). Some of those factors do not seriously constrain the judge’s discretion. Every judge will unavoidably consider “the nature and circumstances of the offense and the history and characteristics of the defendant,” id. § 3553(a)(1); yet we all know that reasonable people can reach strikingly different conclusions regarding what sentence is proper in light of those considerations. Two of the factors, however, have real teeth, and should be a matter of concern to appellate courts that wish to effectuate congressional intent that we be a nation of equal justice under law, in which the length of time that a defendant is deprived of liberty does not depend primarily and significantly on who the sentencing judge happens to be. These two factors are the sentencing range in the Sentencing Guidelines, id. § 3553(a)(4), and “the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct,” id. § 3553(a)(6).
In my view, a sentence is substantively unreasonable if the only reason that the length is outside the range of what judges ordinarily impose for “defendants with similar records who have been found guilty of similar conduct” is that the sentencing judge has an idiosyncratic view of the seriousness of the offense, the significance of the defendant’s criminal history and personal qualities, or the role of incarceration in the criminal-justice system. Determining whether a particular judge has idiosyncratic views could be problematic, except that the United States Sentencing Commission has, in large part, developed its Sentencing Guidelines by studying the sentences being handed down by district judges throughout the country. See Kim-brough v. United States, — U.S. -, 128 S.Ct. 558, 574-75, 169 L.Ed.2d 481 *1290 (2007). Thus, the consideration of the Guidelines Sentencing range required by § 3533(a)(4) ordinarily provides the sentencing judge with knowledge of sentencing practice within the federal judiciary. A significant variance from that practice should be considered unreasonable if it can be justified only by disagreement with the general views of other judges.